**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000883
29-JUN-2018
09:26 AM**

NOS. CAAP-17-0000883, CAAP-18-0000302 AND CAAP-18-0000395

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

**CAAP-17-0000883**
STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ALFRED NAPAHUELUNA SPINNEY, Defendant-Appellant,

AND

**CAAP-18-0000302**
STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ALFRED NAPAHUELUNA SPINNEY, Defendant-Appellant,

AND

**CAAP-18-0000395**
STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ALFRED NAPAHUELUNA SPINNEY, Defendant-Appellant,

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CPC-17-0000245)

ORDER
CONSOLIDATING CASE NUMBERS CAAP-17-0000883, CAAP-18-0000302
AND CAAP-18-0000395 UNDER CASE NUMBER CAAP-17-0000883
AND
DISMISSING CONSOLIDATED APPEAL FOR LACK OF APPELLATE JURISDICTION
(Ginoza, Chief Judge, Reifurth and Chan, JJ.)

Upon review of Defendant-Appellant Alfred N. Spinney's
(Spinney) appeals in appellate court case numbers CAAP-17-
0000883, CAAP-18-0000302 and CAAP-18-0000395, it appears that we
lack appellate jurisdiction over Spinney's appeals from (1) the

Honorable Melvin Fujino's December 4, 2017 order pertaining to bail, (2) the circuit court's February 28, 2018 minutes, and (3) the circuit court's April 25, 2018 minutes in Circuit Court Criminal No. 3CPC-17-0000245, because these three actions by the court are not eligible for appellate review under Hawaii Revised Statutes (HRS) § 641-11 (2016) in the absence of a timely appeal from an appealable final judgment of conviction or final order of dismissal.  Therefore, the consolidation and dismissal of all three appeals is warranted.

The proceedings in Criminal No. 3CPC-17-0000245 have involved Plaintiff-Appellee State of Hawaii's (the State) complaint against Spinney for (1) one count of harassment in violation of  HRS § 711-1106 (2014) and (2) one count of refusal or failure to provide a specimen for forensic identification in violation of HRS § 844D-111 (Supp. 2017).  "The right of appeal in a criminal case is purely statutory[.]"  State v. Nicol, 140 Hawai'i 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The law that allows appeals from circuit court criminal cases is HRS § 641-11, which provides that "[a]ny party aggrieved by the judgment of a circuit court in a criminal matter may appeal to the intermediate appellate court, subject to chapter 602, in the manner and within the time provided by the rules of court.  The sentence of the court in a criminal case shall be the judgment."  Thus, "[u]nder HRS § 641-11, the sentence of the court in a criminal case is the judgment from which an appeal is authorized[,]" and where "[t]here [is] no conviction and sentence in . . . [a] case, there can be no appeal under HRS § 641-11[.]"  State v. Kealaiki, 95 Hawai'i 309, 312, 22 P.3d 588, 591 (2001) (internal quotation marks and citations omitted); State v. Johnston, 63 Haw. 9, 11, 619 P.2d 1076, 1077 (1980) (dismissing an appeal for lack of appellate jurisdiction where a defendant had filed a notice of appeal from an order denying the defendant's motion to dismiss an indictment, even though the circuit court later entered a judgment with a sentence, because "such an order is interlocutory and is not a final order or judgment.  It is therefore not one

2

that is appealable under HRS § 641-11."); <u>State v. Ferreira</u>, 54 Haw. 485, 486-87, 510 P.2d 88, 89 (1973) (dismissing an appeal from a "judgment of conviction [that] does not include any sentence imposed upon the defendant[.]").

None of the three appealed circuit court actions in appellate court case numbers CAAP-17-0000883, CAAP-18-0000302 and CAAP-18-0000395 is independently appealable. The December 4, 2017 order pertaining to bail is a mere interlocutory order that did not terminate the proceedings in the case. With respect to the February 28, 2018 circuit court minutes and the April 25, 2018 circuit court minutes, "a minute order is not an appealable order." <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawaiʻi 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998).

Granted, the circuit court later announced its final decision in Circuit Court Criminal No. 3CPC-17-0000245 in May 16, 2018 circuit court minutes, and on May 24, 2018 the circuit court entered two corresponding orders that terminated the proceeding by (1) remanding Count 1 to the district court and (2) granting the State's motion for nolle prosequi (voluntary dismissal) of Count 2. The May 24, 2018 order of dismissal without prejudice of Count 2 qualified as an appealable final circuit court order under HRS § 641-11 and the holding in <u>Nicol</u>. <u>See</u> <u>Nicol</u>, 140 Hawaiʻi at 494, 403 P.3d at 271 ("HRS § 641-11 authorizes a defendant's appeal in a criminal matter from a circuit court order dismissing the proceedings without prejudice." (Footnote omitted)).[1] Nevertheless, pursuant to Rule 4(b) of the Hawaiʻi Rules of Appellate Procedure (HRAP), a notice of appeal must either be filed within thirty days after the entry of the appealable final judgment or, in the alternative, after the announcement but before the entry of the appealable final judgment. <u>Grattafiori v. State</u>, 79 Hawaiʻi 10,

---

[1] Spinney currently has a pending appeal from the May 24, 2018 order of dismissal without prejudice in appellate court case number CAAP-18-0000428.

13, 897 P.2d 937, 940 (1995). Although HRAP Rule 4(b)(4)[2] authorizes a premature notice of appeal in a criminal case under limited circumstances, allowing an appellate court to "treat an appeal as timely where a defendant has filed his or her notice of appeal after the court has announced an oral decision but before the entry of a written order or judgment, see HRAP 4(b), we cannot do so where the court has rendered no decision whatsoever." Grattafiori, 79 Hawai'i at 14, 897 P.2d at 941 (dismissing for lack of jurisdiction, where the appellant filed a notice of appeal before the oral announcement of the final decision). At the time when Spinney filed

1.  his December 14, 2017 notice of appeal from the December 4, 2017 order in CAAP-17-0000883,

2.  his March 28, 2018 notice of appeal from the February 28, 2018 circuit court minutes in CAAP-18-0000302, and

3.  his May 9, 2018 notice of appeal from the circuit court's April 25, 2018 circuit court minutes in CAAP-18-0000395,

the circuit court had neither made its May 16, 2018 announcement of its final decision nor entered the May 24, 2018 order of dismissal which were appealable pursuant to HRS § 641-11. Therefore, we lack appellate jurisdiction over Spinney's premature appeals in appellate court case numbers CAAP-17-0000883, CAAP-18-0000302, and CAAP-18-0000395.

IT IS HEREBY ORDERED that appellate court case numbers CAAP-17-0000883, CAAP-18-0000302, and CAAP-18-0000395 are consolidated under appellate court case number CAAP-17-0000883. The appellate court clerk shall file a copy of this order in appellate court case numbers CAAP-17-0000883, CAAP-18-0000302, and CAAP-18-0000395.

---

[2] "A notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be deemed to have been filed on the date such judgment or order is entered." HRAP Rule 4(b)(4).

4

IT IS FURTHER HEREBY ORDERED that the consolidated appeals in appellate court case number CAAP-17-0000883 are dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 29, 2018.

Chief Judge

Associate Judge

Associate Judge